UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| APPALACHIAN REGIONAL ) <br> HEALTHCARE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. NURSING CORPORATION, ) <br> ) <br> Defendant. ) | Civil No. 14-122-ART <br><br> **MEMORANDUM OPINION <br> AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

In a prior Order, the Court dismissed Appalachian Regional Healthcare's ("ARH") complaint for lack of jurisdiction. *See* R. 30. Because ARH did not suffer an actual or threatened injury that can be both traced to the defendant's actions and remedied by the Court, it has not presented a live case or controversy for judicial resolution. As a result, the Court lacks jurisdiction to hear the case under Article III of the Constitution. *Id.* at 1. ARH disagreed and filed a motion alter or amend the judgment under Federal Rule of Civil Procedure 59. R. 31. But Rule 59 "is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Rather, "[m]otions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Id.* Because ARH merely seeks to re-argue its case and still fails to allege an injury that the Court can remedy, the Court will deny the motion.

## BACKGROUND

The Court outlined the facts of this case in its prior order. R. 30 at 1–3. A short summary suffices here. ARH and USN entered a Staffing Agreement ("the Agreement") wherein USN provided nurses to staff an ARH facility. R. 1 ¶ 7. One of the USN-provided nurses, Nurse Foote, allegedly injured an ARH patient. *Id.* ¶ 6. The patient then sued the nurse, ARH, and USN in state court ("the *Proffitt* litigation"). *Id.* ¶¶ 5, 6. In state court, USN moved for summary judgment on the grounds that Kentucky's borrowed-servant doctrine absolved USN of liability. *Id.* ¶¶ 17–18. USN argued that because it loaned Foote to ARH, it is ARH and not USN that is responsible for Foote's torts. *Id.* The state court denied USN's motion, R. 27-1 at 12–13 (September 5, 2014, hearing Transcript at 44–45), but USN reserved the right to raise the defense at trial. R. 1-4 at 2. ARH brought a suit in federal court, alleging that USN is breaching the Agreement by raising the borrowed-servant defense. The Court dismissed the action for lack of jurisdiction, R. 30, and ARH now seeks reconsideration of the dismissal, R. 31.

## DISCUSSION

ARH brought this action for breach of contract and an injunction. Under its breach-of-contract claim, ARH seeks (1) a declaration that asserting the borrowed-servant defense is a breach of the Agreement, (2) a declaration of USN's duties under the Agreement, and (3) a determination of whether USN's insurance policy meets the insurance requirements under the Agreement. R. 1 ¶ 30. Because ARH considers the borrowed-servant defense a breach of the Agreement, ARH also seeks an injunction to bar USN from using the defense in the *Proffitt* litigation. *Id.* ¶¶ 30, 42. According to ARH, USN's use of the borrowed-servant defense violates paragraph D.15 of the Agreement, which provides that USN "shall

indemnify, defend, save, and hold harmless ARH . . . from any and all liability or damage that arises from . . . the negligence or intentional act or omission of" any nurses USN assigned to ARH under the staffing agreement. R. 1-1 at 14–15.

I.     **There is no case or controversy for the Court to resolve.**

Article III of the Constitution limits federal court jurisdiction to actual "cases" and "controversies." *Michigan v. Meese*, 853 F.2d 395, 397 (6th Cir. 1988). To satisfy the "case-or-controversy" requirement, a plaintiff must show that it (1) faces an actual or threatened concrete injury, (2) a fairly traceable connection between the injury and the defendant's conduct, and (3) a likelihood that the injury can be redressed by the court. *Id.* at 398; *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002).

ARH identifies four injuries that it has suffered or will suffer on account of USN's actions: (1) ARH suffers reputational harm by remaining in the *Proffitt* litigation; (2) ARH is subject to "potential damages through a jury award arising" from the *Proffitt* litigation; (3) ARH "may be forced to provide a defense and other benefits to Foote as presently asserted by USN's insurer and her"; and (4) ARH must spend money to defend itself in the *Proffitt* litigation in state court—but for USN's use of the borrowed-servant defense, ARH would be dismissed from the action. *See* R. 31 at 3.

ARH did not raise the first alleged injury—reputational harm stemming from simply remaining a party in the *Proffitt* litigation—in either its complaint or its response to USN's motion to dismiss. ARH cannot raise it for the first time in a Rule 59 motion. *Engler*, 146 F.3d at 374 ("[P]arties should not use [Rule 59 motions] to raise arguments which could, and should, have been made before judgment issued."). ARH alleged a reputational injury stemming from a potential "adverse verdict" in the state trial—not from the simple fact that it

3

remains a named party in litigation. R. 1 ¶ 37; R. 24 at 8. The Court already considered and rejected any verdict-related reputational claim. R. 30 at 3–4. ARH does not challenge the Court's adjudication of that claim.

The same goes for ARH's third and fourth alleged injuries. *See* R. 31 at 3 (noting that ARH will experience harm from having to provide a defense to Nurse Foote and by remaining a party in the litigation). ARH did not previously argue that it would suffer from having to expend funds to defend Nurse Foote and pay for its own defense in the state court litigation. *See* R. 24 at 9 (noting that the harms from remaining in the litigation include "a potential liability verdict recorded against ARH" and "multiple non-monetary damages arising from a potential adverse jury verdict"). So the Court will not reconsider its decision based on these new argument that ARH "could, and should" have raised earlier in response to USN's motion to dismiss. *Engler*, 146 F.3d at 374.

ARH's remaining alleged injury—a potential damage award from an adverse jury verdict—falters on the first step of the case-or-controversy test. ARH argues that it will be injured *if* the jury in *Proffitt* renders a verdict adverse to ARH and *if* USN fails to indemnify ARH. ARH acknowledges that USN has promised to honor its indemnification obligations regardless of the outcome of the borrowed-servant defense, but believes USN's assurances are "meaningless." *See* R. 31 at 4–5. As the Court explained in its prior order, a speculative injury is not the sort of actual or threatened injury required to create a case or controversy. This is particularly true for injuries that are framed in an "if-then" subjunctive and dependent on the actions of independent third parties. R. 30 at 4 (citing *N. Am. Natural Res., Inc. v. Strand*, 252 F.3d 808, 812–13 (6th Cir. 2001)). Moreover, USN promised to honor its indemnification obligations—ARH's skepticism is not an injury that the Court can remedy.

4

ARH fails to identify any reason to alter the Court's decision on USN's motion to dismiss. ARH does not point to an actual or threatened concrete injury that is traceable to USN's conduct and remediable by the Court. Nor can ARH now prevail on arguments that it failed to raise in response to USN's motion to dismiss. So the Court's original decision stands.

II.     **The Court cannot give ARH declaratory relief.**

ARH contends that its failure to allege an actual injury is not the end of the case. In its Rule 59 motion, ARH argues that the Court has jurisdiction over its request for declaratory relief under the Declaratory Judgment Act ("the DJA"), 28 U.S.C. § 2201(a). *See* R. 31 at 9–12. In the prayer for relief section of its complaint, ARH requests "a declaration of rights under 28 U.S.C. § 2201, declaring that the assertion of the borrowed-servant doctrine by USN is in breach of [the Agreement]." R. 1 ¶ 30a. Unlike the usual declaratory judgment action that seeks a declaration of rights and obligations under a contract, ARH seeks a declaration of breach. This sounds more like an ordinary contract action.

Even assuming, however, that ARH could raise this claim as a free-standing claim for declaratory relief and the Court has jurisdiction over the claim, the Court would decline to exercise jurisdiction. Courts "may," but are not obligated to, exercise jurisdiction over declaratory relief actions. *Aspen Ins. UK Ltd. v. Murriel-Don Coal, Inc.*, 793 F. Supp. 2d 1010, 1012 (E.D. Ky. 2011) (citing 28 U.S.C. § 2201(a)). The DJA "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Supreme Court has warned federal courts exercising this discretion to avoid "[g]ratuitous interference with the orderly and

comprehensive disposition of . . . state court litigation." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Ordinarily, the Court would apply the Sixth Circuit's five-favor test for deciding whether to exercise jurisdiction over a declaratory judgment action. *See, e.g.*, *Aspen Ins. UK Ltd.*, 793 F. Supp. 2d at 1014–18. But doing so is not necessary here, where one factor predominates in the analysis.

Most declaratory judgment actions center on indemnification or insurance coverage. Indeed, the Sixth Circuit's five-factor test was born out of an indemnification dispute. *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 325–27 (6th Cir. 1984). These cases generally involve an insurance dispute that is related to, but separate and distinct from litigation in state court. For example, an insurance company may ask for a declaratory judgment that claims for punitive damages against its insured asserted in a state-court lawsuit fall outside the terms of its indemnification policy. This case is different in both substance and kind. ARH does not seek to merely resolve an insurance or indemnification dispute. Rather, ARH asks the Court to toss federalism and comity to the wind and intervene directly in ongoing state court litigation by telling the parties which arguments they may or may not raise. ARH's complaint implicates one of the central questions in the *Proffitt* litigation: who is responsible for Nurse Foote's alleged negligence? Indeed, the *Proffitt* court already addressed the borrowed-servant defense in large part by ruling on USN's motion for summary judgment. *See* R. 27-1 at 12–13 (Tr. at 44–45). ARH offers no reason so compelling as to justify interfering with a pending state court action. *See Mitcheson v. Harris*, 955 F.2d 235, 240 (4th Cir. 1992) ("A system of judicial federalism has enough inherent friction without the added aggravation of unnecessary federal declarations on questions such as those at issue here.").

Comity and federalism are not principles to just wish away; they endure. *See Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964) (footnote omitted) ("Early in the history of our country a general rule was established that state and federal courts would not interfere with or try to restrain each other's proceedings. That rule has continued substantially unchanged to this time."). State courts are not the junior varsity, but rather co-equals in our form of government. *See Fowler v. Jago*, 683 F.2d 983, 994 (6th Cir. 1982) (noting that Congress "admonishes federal courts to be respectful of the integrity of their sister courts in the states and of the coequal ability of state courts"). When a party does not get the ruling it wants in state court, it should not and cannot come pleading to federal court.

## CONCLUSION

Despite taking two bites at the apple, ARH failed to establish that there is a live case or controversy for the Court to resolve. To the extent that there is a live dispute, it is one better resolved in state court. Accordingly, ARH's motion to alter or amend judgment, R. 31, is **DENIED**.

This the 12th day of March, 2015.

Signed By:
*Amul R. Thapar* AT
United States District Judge