UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- PIKEVILLE

| | |
|---|---|
| APPALACHIAN REGIONAL HEALTHCARE, INC.,<br><br>    Plaintiff,<br><br>V.<br><br>U.S. NURSING CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 7:14-122-KKC-EBA<br><br>**OPINION AND ORDER** |

This matter is before the Court on Appalachian Regional Healthcare, Inc.'s motion to alter the judgment in this action to add prejudgment interest (DE 349) and its motion for attorney's fees (DE 350).

Appalachian Regional Healthcare, Inc. provides medical services in Eastern Kentucky, including at its hospital located in Whitesburg, Kentucky. U.S. Nursing Corporation is a staffing agency that provided nurses to Appalachian Regional on a temporary basis when Appalachian Regional was short-staffed. The staffing agreement between the parties required U.S. Nursing to indemnify Appalachian Regional from "any and all liability or damage that arises from . . . the negligent or intentional act or omission" of U.S. Nursing or its employees. (DE 52-1, Staffing Agreement,§ D(15)).

A patient at the Whitesburg facility, Ralph Profitt, and his wife asserted a claim in Kentucky state court against Appalachian Regional and U.S. Nursing, alleging that he was injured while he was a patient. Appalachian Regional incurred legal fees and costs of $823,522.71 in defending the claim and ultimately paid the Profitts $2 million to settle it. U.S. Nursing refused to indemnify Appalachian Regional for those amounts,

which caused Appalachian Regional to bring a claim against U.S. Nursing in this Court for breach of the indemnification provision of the staffing agreement.

After a trial, a jury found that a U.S. Nursing employee – Nurse Constance Foote – was negligent in performing certain acts in treating Profitt, meaning that U.S. Nursing's indemnification obligations were triggered. In a second phase of the trial, the jury determined that Nurse Foote's negligent acts caused Appalachian Regional to spend sums to settle and defend the Profitts' claims against it. The jury further determined that the $2 million that Appalachian Regional paid to settle the Profitts' claims was reasonable and that the $823,522.71 Appalachian Regional paid in attorney's fees and costs to defend the Profitts' claims against it was reasonable. The Court then entered a judgment (DE 338) ordering that Appalachian Regional was entitled to recover from U.S. Nursing Corporation a total of $2,823,522.71.

With the first motion now under consideration, Appalachian Regional asks the Court to alter the judgment to include an award of pre-judgment interest. In a diversity case, state law governs awards of prejudgment interest. *Jack Henry & Associates, Inc. v. BSC, Inc.*, 487 F. App'x 246, 260 (6th Cir. 2012) (internal quotation marks omitted) (quoting *Estate of Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir.2005)).

The "longstanding rule" in Kentucky "is that prejudgment interest is awarded as a matter of right on a liquidated demand, and is a matter within the discretion of the trial court or jury on unliquidated demands." *3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metropolitan Sewer Dist.*, 174 S.W.3d 440, 450 (Ky. 2005) (citing *Nucor Corp. v. General Electric Co.*, 812 S.W.2d 136, 141 (Ky. 1991)). "Precisely when the amount involved qualifies as 'liquidated' is not always clear, but in general 'liquidated'

means 'made certain or fixed by agreement of parties or by operation of law. Common examples are a bill or note past due, an amount due on an open account, or an unpaid fixed contract price.'" *Nucor Corp.*, 812 S.W.2d at 141 (quotations and citation omitted).

In determining whether a claim is liquidated or unliquidated, "one must look at the nature of the underlying *claim*, not the final award." *3D Enterprises*, 174 S.W.3d at 450.

"Liquidated claims are 'of such a nature that the amount is capable of ascertainment by mere computation, can be established with reasonable certainty, can be ascertained in accordance with fixed rules of evidence and known standards of value, or can be determined by reference to well-established market values.'" *Id.* (quoting 22 Am.Jur.2d Damages § 469 (2004)).

In contrast, an unliquidated damages claim is one that has "not been determined or calculated" and "not yet reduced to a certainty in respect to amount." *Ford Contracting, Inc. v. Kentucky Transp. Cabinet*, 429 S.W.3d 397, 414 (Ky. Ct. App. 2014) (quoting *Nucor Corp.*, 812 S.W.2d at 141).

Judgment was entered in Appalachian Regional's favor on its claim that U.S. Nursing breached the staffing agreement by failing to indemnify it for the costs it incurred in defending and settling the Profitt litigation. The amount that Appalachian Regional paid to settle the Profitts' claim and the attorney's fees it incurred in that action were fixed and ascertainable on April 1, 2016, the date of the settlement. Judge Amul Thapar (who originally presided over this case), however, ruled that Appalachian Regional must prove its defense and settlement costs were reasonable (DE 77, Opinion at 7.) In other words, Appalachian Regional's claim was for the *reasonable* amounts it expended to defend and settle the Profitts' claims.

3

In support of its motion for prejudgment interest, Appalachian Regional cites several cases in other jurisdictions holding that a claim may be deemed liquidated even where the jury must determine the reasonableness of the damages. Numerous cases also hold the opposite.

For example, Appalachian Regional cites the Tenth Circuit's decision in *Neustrom v. Union Pac. F. Co.*, 156 F.3d 1057 (10th Cir. 1998) in which the court rejected under Kansas law an argument that a claim was not liquidated until the court determined the reasonableness of the settlement. More recently, however, the Tenth Circuit held that, under Oklahoma law, attorney fees are "subject to a reasonableness determination by the fact finder" and, thus, "are not liquidated as required under Oklahoma law for an award of prejudgment interest." *Yousuf v. Cohlmia*, 741 F.3d 31, 48 (10th Cir. 2014). *See also Flood Control Dist. of Maricopa Cty. v. Paloma Inv. Ltd. P'ship*, 279 P.3d 1191, 1211 (Ariz. Ct. App. 2012) (stating "attorneys' fees spent defending the underlying litigation are not liquidated and subject to prejudgment interest because they are subject to a reasonableness determination by the trial court."); *Pierce Couch Hendrickson Baysinger & Green v. Freede*, 936 P.2d 906, 914 (Okla. 1987) ("[T]he expenses in the present case were subject to the fact-finders determination of reasonableness. Thus, they were not liquidated and not subject to prejudgment interest."); *Tri-M Erectors, Inc. v. Donald M. Drake Co.*, 618 P.2d 1341, 1346 (Wash. Ct. App. 1980) ("A claim is unliquidated if the principal must be arrived at by a determination of reasonableness.").

While cases from other jurisdictions are instructive, ultimately this Court must predict whether Kentucky courts would find Appalachian Regional's claims to be liquidated. *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1150 (6th Cir. 1988). Because U.S. Nursing disputed the reasonableness of the amounts Appalachian Regional paid to settle

and defend the Profitts' claim, Kentucky courts would likely find Appalachian Regional's claims not liquidated. "When the amount of a claim can be ascertained readily by reference to a formula in the contract and none of the facts is in dispute or when the amount of the claim itself is not disputed, the claim is liquidated." *Bituminous Cas. Corp. v. Lynn*, 503 F.2d 636, 646 (6th Cir. 1974) (applying Kentucky law). "Interest should not be required except for a claim which is for a liquidated amount, *and which is not disputed in good faith.*" *Wittmer v. Jones*, 864 S.W.2d 885, 891 (Ky. 1993) (emphasis added).

"Damages are deemed certain or capable of being made certain where there is essentially no dispute between the parties concerning the basis of computation of damages and where the parties' dispute centers on the issue of liability giving rise to damage." 22 Am. Jur. 2d Damages § 479. "A claim is 'unliquidated' for prejudgment interest purposes, where the exact amount of the sum to be allowed cannot be definitely fixed from the facts proved, disputed or undisputed, but must in the last analysis depend upon the opinion or discretion of the judge or jury as to whether a larger or a smaller amount should be allowed." 22 Am. Jur. 2d Damages § 480. "In general, '[d]amages that were established by proof offered during the trial are unliquidated and not subject to prejudgment interest.'" *Osborn v. Griffin*, 865 F.3d 417, 456 (6th Cir. 2017) (quoting *Ford Contracting, Inc.*, 429 S.W.3d at 414).

"[I]f damages are both undisputed and liquidated, prejudgment interest is payable as a matter of law. However, if the damages are either disputed or unliquidated, or both, then the decision as to whether prejudgment interest is due is left to the sound discretion of the trial court." *Barnett v. Hamilton Mut. Ins. Co. of Cincinnati, Ohio*, No.

5

2009-CA-002234-MR, 2011 WL 43307, at *3–4 (Ky. Ct. App. Jan. 7, 2011) (citing *Nucor Corp*, 174 S.W.3d 440; *3D Enterprises Contracting Corp.*, 174 S.W.3d 440)).

The amounts that U.S. Nursing owed Appalachian Regional could not be known until a jury determined the sums that were reasonable. This was a matter that depended upon the opinion and discretion of the jury. The fact that the jury ultimately awarded Appalachian Regional the total amount it sought on its claims is not relevant in determining whether those claims were liquidated or not. "[T]he fact that it is ultimately determined that a party is owed damages 'should not be construed as confirmation that the original claim was liquidated.'" *Barnett*, 2011 WL 43307, at *3–4 (quoting *3D Enterprises*, 174 S.W.3d at 450). *See also Prosoft Automation, Inc. v. Logan Aluminum, Inc.*, No. 1:03CV142-R, 2006 WL 1228773, at *1–2 (W.D. Ky. Apr. 28, 2006) ("Therefore, although the jury ultimately awarded Prosoft the full amount requested [in engineering fees] as compensation for those hours, they were not reduced to a certainty in amount prior to trial. There was a legitimate dispute as to the necessity and amount of those hours. Therefore, they are 'unliquidated' damages. . . .")

Thus, under Kentucky law, Appalachian Regional's claims for breach of its indemnification obligations are not liquidated claims.

"When the amount [of damages] is 'unliquidated,' the amount of prejudgment interest, if any, is a matter for the trial court weighing the equitable considerations." *University of Louisville v. RAM Engineering & Const., Inc.*, 199 S.W.3d 746, 748 (Ky.App.2005). Considering the totality of the circumstances, the Court finds that awarding prejudgment interest is appropriate in this case.

"As a general matter, prejudgment interest is intended to make the plaintiff whole; it is an element of complete compensation." *In re ClassicStar Mare Lease Litig.*,

6

727 F.3d 473, 494–95 (6th Cir. 2013) (internal quotation and citations omitted). Appalachian Regional's claims against U.S. Nursing were based on U.S. Nursing's broad agreement to indemnify it for any damage Appalachian Regional may suffer arising from the negligence of any U.S. Nursing employee. The purpose of such an agreement is to ensure that the indemnitee will suffer no loss caused by the indemnitor's actions. Appalachian Regional lost funds as a result of Nurse Foote's negligence. It is just to award Appalachian Regional the interest that would have accrued on those sums.

"It is well-accepted that a federal court sitting in diversity should use the state-law interest rate when awarding prejudgment interest." *Id.* at 497. Under Kentucky law, "[p]rejudgment interest is limited to the legal rate, found in KRS 360.010, of 8%." *Fields v. Fields*, 58 S.W.3d 464, 467 (Ky. 2001). "The trial court may award prejudgment interest at any rate up to 8%." *Id.* The Kentucky statute pertaining to post-judgment interest, KRS 360.040, provides that a judgment must award interest at six percent. KRS 360.040(1). *Reliable Mech., Inc. v. Naylor Indus. Servs., Inc.*, 125 S.W.3d 856, 857 (Ky. Ct. App. 2003) This is also an appropriate rate for this award of pre-judgment interest.

Pre-judgment interest "has traditionally been simple interest." *Id.* at 858. The Court does not find anything about this case that warrants deviating from that tradition. For the $2 million settlement payment, prejudgment interest should run from April 7, 2016, the date that Appalachian Regional made the payment. As to the date that prejudgment interest should commence for the defense costs, Appalachian Regional argues that the date should be the later of February 21, 2011 (the date that Appalachian Regional demanded that U.S. Nursing honor its defense and indemnification obligations) or the date the expenses were actually paid by Appalachian Regional. With its motion,

7

Appalachian Regional has submitted a calculation of the prejudgment interest owed it at a simple, non-compounded interest rate of 6 percent commencing on these dates. (DE 349-10, Calculation.) U.S. Nursing has not objected to the calculation or to the dates that pre-judgment interest should commence. Accordingly, the Court will alter the judgment to award Appalachian Regional pre-judgment interest of $470,760.96.

As to Appalachian Regional's request to recover the attorney's fees it incurred in this indemnification action, this request will be denied. The only argument that Appalachian Regional presents in support of this request is that it is entitled to recover its attorney's fees under the indemnification provision. Appalachian Regional argues that the indemnification provision required U.S. Nursing to indemnify it "'from any and all liability or damages that arises from' the negligent act or omission of a [U.S. Nursing] nurse." (DE 350-2, Mem. at 1, 10; DE 364, Reply at 1.) Appalachian Regional argues that this is a "broad indemnity provision under which [U.S. Nursing] agreed to indemnify and hold harmless [Appalachian Regional] from 'any and all' damage that 'arises from' the negligent act of a [U.S. Nursing] employee." (DE 364, Reply at 4.) Appalachian Regional argues that "but for Nurse Foote's negligence, [Appalachian Regional] would not have had to sue [U.S. Nursing] to enforce its defense and indemnity obligations." (DE 350-2, Mem. at 11.)

Thus, the issue as framed by Appalachian Regional is whether the attorney's fees it incurred in this action "arose from" Nurse Foote's negligent actions in treating Profitt. In a prior opinion, Judge Thapar pointed out that the parties agreed that the phrase "arises from" means "proximate cause." (DE 77, Order at 8.) No party ever disputed that finding. "[U]nder Kentucky law, causation or proximate cause is defined by the substantial factor test: was the defendant's conduct a substantial factor in bringing

about plaintiff's harm?" *Morales v. Am. Honda Motor Co.*, 71 F.3d 531, 537 (6th Cir. 1995).

The attorney's fees and litigation costs Appalachian Regional incurred in defending the Profitt negligence claim certainly "arose from" the negligence of a U.S. Nursing employee. With this motion, however, U.S. Nursing does not seek the attorney's fees arising from the negligence of a U.S. Nursing employee. It seeks the attorney's fees it incurred as a result of U.S. Nursing's breach of its indemnification obligations. Appalachian Regional argues that Nurse Foote's actions were a "but for" cause of Appalachian Regional's attorney's fees in this action. (DE 350-2, Mem. at 11-14.) The so-called "but for test" is, however, only one aspect of proximate causation. *See Trail-Likoy v. Saint Joseph Healthcare, Inc.*, No. 2005-CA-000658-MR, 2006 WL 2193496, at *2 (Ky. Ct. App. Aug. 4, 2006).

To be deemed a "proximate cause" of an injury, an event must also be a "substantial factor" in causing the injury. *Id*. "A defendant is not liable when the original negligence is remote and only furnishes the occasion of the injury." *Id*. For an event to be deemed a "substantial factor" in an injury, the injury must "flow directly from the event." *Deutsch v. Shein*, 597 S.W.2d 141, 145 (Ky. 1980), *abrogated on other grounds by Osborne v. Keeney*, 399 S.W.3d 1 (Ky. 2012). Nurse Foote's negligence was not a substantial factor in the legal fees that Appalachian Regional incurred in this action. Appalachian Regional's attorney's fees in this action did not flow directly from Nurse Foote's negligent acts. The factor that directly caused U.S. Nursing to incur legal fees in this action was U.S. Nursing's breach of the indemnification agreement. *Id*. That breach was not a foreseeable result of Nurse Foote's acts. *Trail-Likoy v. Saint Joseph Healthcare, Inc.*, No. 2005-CA-000658-MR, 2006 WL 2193496, at *2.

Accordingly, the Court hereby ORDERS as follows:

1) Appalachian Regional's motion (DE 349) to alter the judgment in this action to add prejudgment interest is GRANTED in part and DENIED in part as follows:

    a. the motion is GRANTED to the extent that Appalachian Regional requests that the judgment be amended to add prejudgment interest of $470,760.96, which reflects prejudgment interest calculated at the simple interest of 6 percent commencing on April 7, 2016 for the $2 million settlement payment to the Profitts and commencing on the later of February 21, 2011 or the date of payment for the defense costs incurred in the Profitt litigation; and

    b. the motion is otherwise DENIED; and

2) Appalachian Regional's motion to recover the attorney's fees (DE 350) it incurred in this action is DENIED.

Dated December 4, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY